UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| TERRY CLOTZ, on behalf of himself and others similarly situated,<br><br>                Plaintiff,<br>v.<br><br>B.A. MASON, INC.<br><br>                Defendant. | Civil Case No.:<br><br>CLASS ACTION COMPLAINT<br><br>JURY TRIAL DEMANDED |

**Nature of this Action**

1. Terry Clotz ("Plaintiff") brings this class action against B.A. Mason, Inc. ("Defendant" or "B.A. Mason") who collects debts under the tradename stoneberry.com pursuant to the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

2. Upon information and good faith belief, Defendant routinely violates 47 U.S.C. § 227(b)(1)(A)(iii) by using an artificial or prerecorded voice in connection with non-emergency calls it places to telephone numbers assigned to a cellular telephone service, without prior express consent.

3. More specifically, upon information and good faith belief, Defendant routinely uses an artificial or prerecorded voice in connection with non-emergency calls it places to wrong or reassigned cellular telephone numbers.

**Jurisdiction and Venue**

4. This Court has subject matter jurisdiction under 47 U.S.C. § 227(b)(3) and 28 U.S.C. § 1331.

5. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b) as a substantial portion of the events giving rise to this action occurred in this district.

1

6. For example, Defendant directed artificial or prerecorded voice messages to Plaintiff's cellular telephone from this district.

## Parties

7. Plaintiff is a natural person who at all relevant times resided in this District.

8. Plaintiff is, and at all relevant times was, a "person" as defined by 47 U.S.C. § 153(39).

9. Defendant is a corporation with its principal place of business in Wisconsin.

10. Defendant is, and at all relevant times was, a "person" as defined by 47 U.S.C. § 153(39).

## Factual Allegations

11. Plaintiff is, and has been for the relevant time period, the subscriber to and customary user of his cellular telephone number—(440) XXX-7735.

12. Defendant began placing calls to telephone number (440) XXX-7735 in July 2023, or earlier.

13. Defendant placed calls to telephone number (440) XXX-7735 intending to reach someone other than Plaintiff.

14. Defendant placed at least three calls to telephone number (440) XXX-7735 in July 2023.

15. Plaintiff received at least four calls from Defendant to telephone number (440) XXX-7735 in July 2023.

16. Defendant used an artificial or prerecorded voice in connection with at least two of the calls received from telephone number 888-354-1672 in July 2023.

17. The pre-recorded message advised the recipient that it was seeking to collect a debt from Susan Hammond and to press the number 2 if the Plaintiff was not that person.

18. The Plaintiff pressed the recorded prompt in response that was designed to make sure he received no more calls.

19. He did this on July 3, 2023.

20. However, he received more calls on July 5, 14 and 21, 2023.

21. Plaintiff did not have any services from B.A. Mason.

22. Indeed, prior to filing this lawsuit, counsel for Plaintiff contacted B.A. Mason regarding the calls at issue and B.A. Mason did not deny placing calls with a prerecorded voice to Plaintiff and did not contend that it had consent to do so.

23. Plaintiff does not have, nor did he have, an account with Defendant.

24. Plaintiff is not, nor was, a customer of Defendant.

25. Plaintiff does not, nor did, owe any money to Defendant.

26. Plaintiff did not provide telephone number (440) XXX-7735 to Defendant.

27. Plaintiff did not provide Defendant with consent to place calls, in connection with which it used an artificial or prerecorded voice, to telephone number (440) XXX-7735.

28. Defendant placed the subject calls to telephone number telephone number (440) XXX-7735 voluntarily.

29. Defendant placed the subject calls to telephone number (440) XXX-7735 under its own free will.

30. Defendant had knowledge that it was using an artificial or prerecorded voice in connection with the subject calls it placed to telephone number (440) XXX-7735.

3

31. Plaintiff suffered actual harm as a result Defendant's subject calls, in connection with which it used an artificial or prerecorded voice, in that he suffered an invasion of privacy, an intrusion into his life, and a private nuisance.

32. Upon information and good faith belief, Defendant, as a matter of pattern and practice, uses an artificial or prerecorded voice in connection with calls it places to telephone numbers assigned to a cellular telephone service, absent prior express consent.

## Class Action Allegations

33. Plaintiff brings this action under Federal Rule of Civil Procedure 23, and as a representative of the following class and subclass:

> *Class*: All persons throughout the United States (1) to whom B.A. Mason placed, or caused to be placed, a call, (2) directed to a number assigned to a cellular telephone service, but not assigned to a B.A. Mason customer or accountholder, (3) in connection with which B.A. Mason used an artificial or prerecorded voice, (4) from four years prior to the filing of this complaint through the date of class certification.
>
> *Subclass*: All persons throughout the United States (1) to whom B.A. Mason placed, or caused to be placed, a call, (2) directed to a number assigned to a cellular telephone service, but not assigned to a B.A. Mason customer or accountholder, (3) in connection with which B.A. Mason used an artificial or prerecorded voice, (4) after the called party informed B.A. Mason that the telephone number it called was a wrong or reassigned telephone number, or instructed B.A. Mason to stop placing calls to the telephone number, (5) from four years prior to the filing of this complaint through the date of class certification.

34. Excluded from the class and subclass are Defendant, Defendant's officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

35. Upon information and belief, the members of the class and subclass are so numerous that joinder of all of them is impracticable.

36. The exact number of the members of the class and subclass are unknown to Plaintiff

at this time, and can be determined only through appropriate discovery.

37. The members of the class and subclass are ascertainable because they are defined by reference to objective criteria.

38. In addition, the members of the class and subclass are identifiable in that, upon information and belief, their telephone numbers, names, and addresses can be identified in business records maintained by Defendant and by third parties.

39. Plaintiff's claims are typical of the claims of the members of the class and subclass.

40. As it did for all members of the class and subclass, Defendant placed calls to Plaintiff's cellular telephone number in connection with which it used an artificial or prerecorded voice.

41. Plaintiff's claims, and the claims of the members of the class and subclass, originate from the same conduct, practice, and procedure on the part of Defendant.

42. Plaintiff's claims are based on the same theories as the claims of the members of the class and subclass.

43. Plaintiff suffered the same injuries as the members of the class and subclass.

44. Plaintiff will fairly and adequately protect the interests of the members of the class and subclass.

45. Plaintiff's interests in this matter are not directly or irrevocably antagonistic to the interests of the members of the class and subclass.

46. Plaintiff will vigorously pursue the claims of the members of the class and subclass.

47. Plaintiff has retained counsel experienced and competent in class action litigation.

48. Plaintiff's counsel will vigorously pursue this matter.

49. Plaintiff's counsel will assert, protect, and otherwise represent the members of the

class and subclass.

50. The questions of law and fact common to the members of the class and subclass predominate over questions that may affect individual members of the class and subclass.

51. Issues of law and fact common to all members of the class and subclass include:

    a. Defendant's violations of the TCPA;

    b. Defendant's conduct, pattern, and practice as it pertains to dialing wrong or reassigned cellular telephone numbers;

    c. Defendant's conduct, pattern, and practice as it pertains to placing calls with an artificial or prerecorded voice to wrong or reassigned cellular telephone numbers;

    d. Defendant's use of an artificial or prerecorded voice;

    e. Defendant's conduct, pattern, and practice as it pertains to placing calls with an artificial or prerecorded voice to wrong or reassigned cellular telephone numbers after being informed that it is calling the wrong person or telephone number; and

    f. The availability of statutory penalties.

52. A class action is superior to all other available methods for the fair and efficient adjudication of this matter.

53. If brought and prosecuted individually, the claims of the members of the class and subclass would require proof of the same material and substantive facts.

54. The pursuit of separate actions by individual members of the class and subclass would, as a practical matter, be dispositive of the interests of other members of the class and subclass, and could substantially impair or impede their ability to protect their interests.

55. The pursuit of separate actions by individual members of the class and subclass could create a risk of inconsistent or varying adjudications, which might establish incompatible standards of conduct for Defendant.

56. These varying adjudications and incompatible standards of conduct, in connection with presentation of the same essential facts, proof, and legal theories, could also create and allow the existence of inconsistent and incompatible rights within the class and subclass.

57. The damages suffered by individual members of the class and subclass may be relatively small, thus, the expense and burden to litigate each of their claims individually make it difficult for the members of the class and subclass to redress the wrongs done to them.

58. The pursuit of Plaintiff's claims, and the claims of the members of the class and subclass, in one forum will achieve efficiency and promote judicial economy.

59. There will be little difficulty in the management of this action as a class action.

60. Defendant has acted or refused to act on grounds generally applicable to the members of the class and subclass, making final declaratory or injunctive relief appropriate.

## Count I
### Violation of 47 U.S.C. § 227(b)(1)(A)(iii)

61. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-66.

62. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by using an artificial or prerecorded voice in connection with calls it placed to Plaintiff's cellular telephone number and the cellular telephone numbers of the members of the class and subclass, without consent.

63. As a result of Defendant's violations of 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiff and the members of the class and subclass are entitled to damages in an amount to be proven at trial.

**Prayer for Relief**

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action;

b) Designating Plaintiff as a representative of the class and subclass under Federal Rule of Civil Procedure 23;

c) Designating Plaintiff's counsel as counsel for the class and subclass under Federal Rule of Civil Procedure 23;

d) Adjudging and declaring that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii);

e) Enjoining Defendant from continuing its violative behavior, including continuing to place calls to Plaintiff's cellular telephone number, and to the cellular telephone numbers of members of the class and subclass, in connection with which it uses an artificial or prerecorded voice;

f) Awarding Plaintiff and the members of the class and subclass damages under 47 U.S.C. § 227(b)(3)(B);

g) Awarding Plaintiff and the members of the class and subclass treble damages under 47 U.S.C. § 227(b)(3);

h) Awarding Plaintiff and the class and subclass reasonable attorneys' fees, costs, and expenses under Rule 23 of the Federal Rules of Civil Procedure;

i) Awarding Plaintiff and the members of the class and subclass any pre-judgment and post-judgment interest as may be allowed under the law; and

j) Awarding such other and further relief as the Court may deem just and proper.

**Demand for Jury Trial**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all triable issues.

Date: July 25, 2023

                              Plaintiff,
                              By Counsel,

                              By: */s Brian T. Giles* (0072806)
                              GILES & HARPER, LLC
                              7247 Beechmont Ave.
                              Cincinnati, Ohio 45230
                              Telephone: (513) 379-2715
                              Bgiles@gilesharper.com

                              Anthony I. Paronich
                              Paronich Law, P.C.
                              350 Lincoln Street, Suite 2400
                              Hingham, MA 02043
                              (617) 485-0018
                              anthony@paronichlaw.com
                              *Subject to Pro Hac Vice*